IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMADOR SANCHEZ MENDOZA,

    Petitioner,

v.

J. SALAZAR,

    Respondent.

Case No. 3:19-cv-00627-SI

OPINION AND ORDER

SIMON, District Judge.

Petitioner, a prisoner at FCI-Sheridan, brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the legality of a sentencing enhancement he claims the Eastern District of Washington imposed upon him under the Armed Career Criminal Act ("ACCA"). Because the sentencing judge imposed no such enhancement, the Petition for Writ of Habeas Corpus (#1) is dismissed.

1 - OPINION AND ORDER

## BACKGROUND

On March 23, 2013, Petitioner entered a plea of guilty to two counts of possession with intent to distribute 50 or more grams of methamphetamine. Each of these convictions carried a ten-year minimum term of imprisonment. Petitioner admitted that he was responsible for 125.9 grams of actual methamphetamine and 12.9 grams of cocaine base that law enforcement officers discovered during a traffic stop, as well as another 88 grams of actual methamphetamine that was recovered during the execution of a search warrant.

When calculating Petitioner's criminal history score and base offense level, the parties believed Petitioner would have the same base offense level (34) whether his sentence were determined by the quantity of methamphetamine at issue in his case, or whether he was found to be an Armed Career Criminal based upon his prior drug convictions from the State of Washington. Respondent's Exhibit 2, p. 10. The parties entered into a Plea Agreement wherein they stated their intention to jointly recommend a sentencing range of 156 to 180 months in prison, and contemplated that the Government would request a sentence of 180 months in prison. *Id* at 12.

When the Presentence Report ("PSR") issued, it confirmed that the quantity of drugs resulted in base offense level of 34.

2 - OPINION AND ORDER

It also concluded that because Petitioner had two prior drug convictions from the State of Washington as well as two crimes of violence in the form of attempts to elude, he was a career offender under the ACCA. However, the PSR calculated Petitioner's career offender base level to be 37, not 34.[1] Consequently, with a three-point reduction for acceptance of responsibility, the guideline ranges he faced were: (1) 188-235 months for a level 31 non-ACCA sentence; or (2) 262-327 months for a level 34 ACCA sentence.

Even though the guideline ranges within the PSR differed from those contemplated by the parties during the plea process, the Government adhered to its recommendation within the Plea Agreement and asked the judge to sentence Petitioner to 180 months in prison. The Eastern District of Washington adopted the Government's recommendation and imposed a 180-month prison sentence.

Petitioner did not take a direct appeal, nor did he file a 28 U.S.C. § 2255 motion. Instead, six years after his sentencing, he filed this 28 U.S.C. § 2241 habeas corpus case in which he challenges the validity of his sentence. Petitioner asserts that Supreme Court and Ninth Circuit decisions in the

---

[1] Petitioner was already at the highest criminal history score available (Level VI), so the ACCA designation did not impact his criminal history.

wake of his sentencing reveal that he is not actually a career offender because his prior Washington drug convictions do not constitute qualifying predicate offenses under the ACCA. He therefore concludes that he is actually innocent of his ACCA sentencing enhancement so as to qualify for the escape hatch of 28 U.S.C. § 2255(e), and asks the Court to vacate his allegedly unlawful career offender sentence.

## DISCUSSION

"A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). However, under the "savings clause" or "escape hatch" of § 2255(e), a federal inmate may seek relief pursuant to 28 U.S.C. § 2241 "if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id* (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

A petitioner satisfies the savings clause of § 2255(e) where he: "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted). The two factors to consider when assessing whether petitioner had an unobstructed procedural opportunity to present his claim of innocence are: (1) whether

the legal basis for petitioner's claim did not arise until the conclusion of his direct appeal and first 28 U.S.C. § 2255 motion; and (2) whether the applicable law changed in any relevant way after the conclusion of the petitioner's first § 2255 motion. *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Assuming that Petitioner's claim of actual innocence as to his career offender designation is the type of claim that would allow him to utilize the escape hatch, his claim of innocence lacks merit. Petitioner asserts that the trial judge incorrectly sentenced him as a career offender in the absence of the necessary predicate convictions. As discussed above, although the trial judge accepted the PSR that determined Petitioner to be a career offender, the judge nevertheless sentenced him to 180 months in prison. That figure was not only well below the Guidelines range applicable to Petitioner's career offender designation (262-327 months), but was also below the non-ACCA Guidelines range (188-235 months). Accordingly, Petitioner cannot demonstrate that he is actually innocent of his sentence and, for this reason, cannot establish 28 U.S.C. § 2241 jurisdiction.[2]

---

[2] Although Petitioner asserts that he did not receive any benefit from his plea because the PSR wrongfully classified him as a career offender, the parties did not make the plea bargain under the belief that Petitioner was

5 - OPINION AND ORDER

**CONCLUSION**

The Petition for Writ of Habeas Corpus (#1) is dismissed for lack of jurisdiction. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 24th day of September, 2019.

Michael H. Simon
United States District Judge

---

subject to a base level 37 guidelines range as a career offender. As a result, the benefit to Petitioner (including the Government's agreement to refrain from bringing additional charges and to recommend a sentence below even the non-ACCA guidelines range) did not change as a result of the career offender designation.

6 - OPINION AND ORDER